UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHANIKKA DAVIS,

                         **Plaintiff,**

v.

                                                                         **19-CV-904S(Sr)**

**NIAGARA COUNTY DEPT. SOCIAL SERVICES,**

    **et al.,**

                         **Defendants.**

---

## ORDER

        This case was referred to the undersigned by the Hon. John L. Sinatra, Jr., pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #26.

        Plaintiff filed this action, *pro se*, pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, denial of temporary housing assistance and emergency housing because of her race in violation of her Eighth and Fourteenth Amendment rights under the United States Constitution. Dkt. #1.

        Defendants filed a motion to dismiss plaintiff's complaint for failure to state a claim on July 18, 2022. Dkt. #27. By letter dated September 22, 2022, defense counsel advised the Court that the motion papers served upon plaintiff by regular mail were returned to sender with a notation that the United States Postal Service was unable to forward. Dkt. #29. The Text Order referring the motion to the undersigned

(Dkt. #26), and the Text Order scheduling the motion (Dkt. #28), were returned to the Court with a similar notation. Dkt. #30 & Dkt. #31. Defense counsel advised the Court that plaintiff was arrested on July 5, 2022 and is currently incarcerated at the Niagara County Correctional Facility. Dkt. #29.

By Order entered November 3, 2022, which was mailed to plaintiff at the Niagara County Correctional Facility, the Court directed plaintiff to inform the Court of her updated address and advise the Court whether she wished to pursue this action. Dkt. #32.

Plaintiff responded with a notice of change of address and a motion for appointment of counsel because she is incarcerated. Dkt. #33-35.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

(1) Whether the indigent's claims seem likely to be of substance;

(2) Whether the indigent is able to investigate the crucial facts concerning his claim;

(3) Whether conflicting evidence implicating the need for cross-

    examination will be the major proof presented to the fact finder;

  (4) Whether the legal issues involved are complex; and

  (5) Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

  The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must not allocate *pro bono* resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit." *Id.* Moreover, the Court must consider to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

  This action is in its early stages, making it difficult to assess the merits of plaintiff's claim or the public benefit which could be achieved by the appointment of counsel. Moreover, plaintiff has demonstrated a capacity to communicate the factual basis of her claims to the Court. Accordingly, plaintiff has not established that the

-4-

appointment of counsel is warranted at this time under the factors set forth above. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

On December 2, 2022, defendants filed a certificate of service of their motion to dismiss (Dkt. #27), upon plaintiff at the Niagara County Correctional Facility. Plaintiff shall reply to this motion no later than **February 2, 2023.**

**SO ORDERED.**

**DATED:**   **Buffalo, New York**
             **December 14, 2022**

                                            s/ H. Kenneth Schroeder, Jr.
                                            **H. KENNETH SCHROEDER, JR.**
                                            **United States Magistrate Judge**