**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**CHANIKKA DAVIS,**

                         **Plaintiff,**

**v.**

                                                          **19-CV-904-JLS(Sr)**

**NIAGARA COUNTY DEPT. SOCIAL SERVICES,**

        **et al.,**

                         **Defendants.**
_____

## REPORT, RECOMMENDATION & ORDER

        This case was referred to the undersigned by the Hon. John L. Sinatra, Jr., pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #26.

        Plaintiff filed this action, _pro se_, pursuant to 42 U.S.C. § 1983, alleging, _inter alia_, denial of emergency temporary housing assistance because of her race in violation of her Eighth and Fourteenth Amendment rights under the United States Constitution. Dkt. #1. On February 11, 2021, plaintiff filed an amended complaint. Dkt. #9.

        Currently before the Court is defendants' motion to dismiss plaintiff's amended complaint. Dkt. #27.

~ 1 ~

**<u>BACKGROUND</u>**

The following facts are taken from the Amended Complaint and documents attached thereto, which the Court treats as part of the pleadings. Dkt. #8, p. 6 n.3 (citing *Cooper v. Dennison,* No. 08-CV-6238 CJS, 2011 WL 1118685, at *1 (W.D.N.Y. Mar. 24, 2011) (in ruling on a 12(b)(6) motion to dismiss, "[d]ocuments that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered.")).

On June 14, 2018, plaintiff applied to the Niagara County Department of Social Services ("DSS") for public assistance and emergency temporary housing for herself and two of her children. Dkt. #9, p.24. Plaintiff informed the DSS that she had been staying at her mother's house after becoming homeless, and that she was unemployed with no income. *Id.*

The next day, plaintiff's mother submitted a statement to the DSS that plaintiff and her children would no longer be permitted to stay with her. Dkt. #9, p. 30. Plaintiff thus asked the DSS to provide her placement in a hotel or motel, but the agency advised her that was not possible. *Id.*

On June 28, 2018, plaintiff requested a fair hearing under New York law to appeal the DSS's action. Dkt. #9, p. 23. Upon learning of plaintiff's appeal,

the DSS placed plaintiff and two of her children in a local motel on June 29, 2018.
Dkt. #9, p. 31.

After a hearing, an administrative law judge found that the DSS's
denial of emergency temporary housing to plaintiff from June 15, 2018 through
June 29, 2018 would be reversed. Dkt. #9, pp. 31-32.

Plaintiff filed this action, *pro se*, on July 8, 2019, against the Niagra
County Sheriff's Office, the Niagra County Department of Social Services, and
two county employees.  Dkt. #1. Plaintiff alleged that she was unlawfully denied
emergency temporary housing assistance, in violation of the Eight and
Fourteenth Amendments, and that such denial was based on her race. Dkt. #1,
pp. 4-8. She also alleged that defendants stole her mail and otherwise harassed
her based on her race. *Id.*

On January 5, 2021, this Court issued a screening order pursuant to
28 U.S.C. § 1915(e)(2)(B). Dkt. #8. The Court found that plaintiff's § 1983 claim
based on the denial of emergency housing failed to allege how the individual
defendants were involved in that denial and failed to allege a custom or policy as
to the county. Dkt. #8, pp. 9-10. The Court construed plaintiff's second claim of
"bias" and "harassment" as a claim under Title VI of the Civil Rights Act of 1964

but found that plaintiff had failed to allege facts suggesting that race was a factor in defendants' actions. Dkt. #8, pp. 10-11.

The Court next construed plaintiff's third claim based on alleged mail tampering, eavesdropping, and surveillance by county employees as a claim under the Fourth Amendment, holding that plaintiff had failed to allege any facts to support such a claim. Dkt. #8, pp. 11-12. The Court also held that plaintiff's allusion to a "conspiracy" was too vague to survive Rule 12(b)(6) scrutiny. Dkt. #8, p. 12.

Finally, the Court found that plaintiff's fourth claim overlapped with her first claim for denial of emergency housing, concluding that she had again failed to allege facts regarding the defendants' roles in that denial or facts showing that the denial was based on plaintiff's race. Dkt. #8, pp. 12-14.

The Court thus dismissed plaintiff's complaint but allowed her to file an amended complaint that "includes the necessary allegations regarding her claims as directed above." Dkt. #8, p. 14.

Plaintiff filed an amended complaint on February 11, 2021, adding five new defendants but alleging substantively the same four claims contained in

her original complaint. Dkt. #9.[1] On March 29, 2022, the Court issued a screening order on the amended complaint, finding the claims sufficiently colorable to proceed to service but noting that dismissal pursuant to Rule 12(b)(6) might yet be appropriate. Dkt. #14, p.2.[2]

On July 18, 2022, defendants moved to dismiss the amended complaint. Dkt. #27.

## DISCUSSION AND ANALYSIS

### Rule 12(b)(6)

To survive a motion to dismiss pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "depends on a host of considerations: the full factual picture presented by the

---

[1] Plaintiff no longer alleges a claim against Niagra County or its agencies. Dkt. #9.

[2] The Court also ordered the United States Marshals Service to effect service on defendants. Dkt. #14, p. 3. Further, because plaintiff named two unidentified defendants, the Court ordered the Niagara County Attorney's Office to provide a *Valentin* response with the names and addresses of those defendants. *Id.* The Niagara County Attorney's Office responded on April 29, 2022, Dkt. #16, but the case caption has not been amended accordingly. Finally, defense counsel advised the Court that one of the new defendants, Jason Berent, had not been employed by the DSS since August 14, 2015, so they could not accept service on his behalf. Dkt. #24, ¶ 13.

complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011). Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S.at 679.

When considering motions to dismiss the claims of plaintiffs proceeding *pro se*, courts construe the pleadings liberally, reading such submissions to raise the strongest arguments they suggest. *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001). A *pro se* litigant should be afforded every reasonable opportunity to demonstrate that she has a valid claim. *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984).

### Plaintiff's Claims

### 42 U.S.C. § 1983

Plaintiff alleges claims pursuant to 42 U.S.C. § 1983., which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "Section 1983 'is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.'" *Matthews v. City of New York*, 889 F. Supp.2d 418, 428-29 (E.D.N.Y. 2012) (quoting *Graham v. Connor*, 490 U.S. 386, 393–94 (1989)).

"To state a claim under Section 1983, a plaintiff must allege that "(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Id.* at 429 (citation and internal quotations omitted).

To establish liability against an individual under Section 1983, a plaintiff must "'plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Seward v. Detective Camilo R. Antonini*, No. 20-CV-9251, 2023 WL 6387180, at *17 (S.D.N.Y. Sept. 29, 2023) (quoting *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020)).

### *Claim One: Denial of Emergency Housing*

Plaintiff's first claim in the amended complaint is against individual defendants Monaco, Hooks, Cudney, and Henry. Dkt. #9, p. 6. However, in her supporting narrative, plaintiff does not state how any of these individuals were involved in the DSS's decision to deny her request for emergency temporary housing. Dkt. #9, p.3.

This is the same deficiency the Court identified in its first screening order. Dkt. #8, p. 9. Plaintiff's amended complaint has not cured that deficiency, and it thus fails to state a claim under § 1983. *See Washington v. Downstate Admin. Nurse*, No. 21-CV-7159, 2023 WL 6282920, at *3 (S.D.N.Y. Sept. 26, 2023) ("It is well settled that, in order to establish a defendant's liability in a suit brought under [42 U.S.C.] § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional violation.") (citation and internal quotations omitted).

Defendants make several alternative arguments. First, defendants assert that plaintiff may not premise a § 1983 claim on a denial of public housing. Dkt. #27-4, p. 8. This is correct, and it is an independent basis for dismissal of this claim. *See Mallgren v. John Doe Corp.*, No. 13-CV-1265, 2013 WL 1873319, at *4 (E.D.N.Y. May 2, 2013) ("Neither the United States Constitution nor any other federal law establishes a fundamental right to public housing or emergency shelter.").

Defendants also argue that this claim should not be construed as one for enforcement of the Social Security Act. Dkt. #27-4, p.9. Although the Court mentioned such a theory in its screening order, Dkt. #8, p. 9 n.5, plaintiff did not include it in the Amended Complaint. Nonetheless, to the extent that plaintiff was entitled to due process in connection with the DSS's denial of her request for emergency temporary housing, she was afforded such process in the fair hearing held before the New York Office of

Temporary and Disability Assistance on July 3, 2018. Dkt. #9, pp. 11-34. *See generally Davis v. Proud*, 2 F. Supp.3d 460, 483-88 (E.D.N.Y. 2014) (discussing due process protections in connection with social welfare benefits).[3]

It will thus be recommended that plaintiff's first claim be dismissed.

### *Claim Two: Discrimination in Public Services*[4]

Plaintiff's second claim is based on criminal charges brought against her in June 2016 in Niagra Falls related to an application for public benefits. Dkt. #9, pp. 3, 9-13. She also alleges "more harassment," denial of housing, medical transportation, evictions, and "biased discrimination." Dkt. #9, p. 3. She names as defendants Jason Berent, "The People of the State of New York," and Social Service Worker[s] A + B + C." Dkt. #9, p.3. *Id.*[5]

---

[3] Defendants also note correctly that plaintiff's reference to the Eighth Amendment in her first claim is misplaced because that amendment applies to those convicted of a crime. *Ingraham v. Wright*, 430 U.S. 651, 666-67 (1977).

[4] Defendants argue that the Court's initial screening order only allowed plaintiff to amend the first of her four claims. Dkt. #27-4, *passim*. This is incorrect. While the Court's order specifically mentioned leave to amend as to plaintiff's first claim, Dkt. #8, pp. 9-10, the balance of the order clearly directs plaintiff to file an amended complaint that attempts to cure the deficiencies identified in all four claims. Dkt. #8, p. 14. The Court's screening order on plaintiff's amended complaint likewise allowed all four claims to proceed to service. Dkt. #14, p. 2.

[5] Jason Berent has never been served and is thus not before the Court, and "The People of the State of New York" refers to no defendant. It is also unclear which defendants plaintiff is referring to as "Social Service Worker[s] A + B + C."

The Court previously construed this claim under Title VI of the Civil Rights Act of 1964 but found that plaintiff failed to allege facts showing that her race was a factor in these alleged events. Dkt. #8, p. 11.

The amended complaint fares no better. Plaintiff alleges no facts from which one could reasonably infer that the actions taken against her were motivated by racially discriminatory intent. In her responsive memorandum, plaintiff states that she "truly believe[s] the defendants did not care because she is a black woman and have [an] unwritten policy and procedures in Niagra County of racial disparities." Dkt. #41, p. 5. Such conclusory allegations, however, are insufficient to allege a Title VI cause of action. *See Manolov v. Borough of Manhattan Cmty. Coll.*, 952 F. Supp. 2d 522, (S.D.N.Y. 2013) (holding that plaintiff's allegations that his professors "blatantly discriminated against all white males" were insufficient to state claim under Title VI).

Further, as with her first claim, plaintiff fails to allege facts which would allow the Court to determine which defendant took allegedly discriminatory action again her. The Court's prior order explained to plaintiff the importance of alleging the defendants' roles in the underlying events, but the amended complaint fails to do so.

Finally, defendants correctly argue that this claim is time-barred under the applicable three-year statute of limitations.  Plaintiff alleges that the events challenged in her second claim occurred in June 2016, Dkt. #9, p. 3, and this case was filed more than

three years later. Dkt. #1. The claim is thus untimely. *See Islam v. Melisa*, 18-CV-2535(KAM)(LB), 2020 WL 1452463, at *8 (E.D.N.Y. Mar. 24, 2020). While plaintiff cites cases involving the "continuing violations" doctrine, the amended complaint alleges only discrete acts, none of which fall within the limitations period.

It will thus be recommended that this claim be dismissed.

### Claim Three: Violation of the Fourth Amendment/Conspiracy

Plaintiff alleges in her third claim that defendants "posed as mail men," intercepted her calls, and visited her home to interview her, which she declined. Dkt. #9, p. 7. The Court previously construed this claim as one for violations of the Fourth Amendment's prohibition on illegal searches and seizures. Dkt. #8, pp. 11-12. The Court found, however, that plaintiff failed to allege any facts explaining which defendants committed these acts or in what context. It further held that her allusion to a "conspiracy" was fatally vague. *Id.*

Plaintiff's amended complaint has not corrected these deficiencies. It contains no facts that enable the reader to determine which defendant committed the alleged intrusions. While the Court must liberally construe a *pro se* plaintiff's complaint, it "need not argue a *pro se* litigant's case nor create a case for the *pro se* [litigant] which does not exist." *Martinez v. Queens Cnty. Dist. Att'y, ADA*, No. 12-CV-06262, 2014 WL 1011054, at *13 (E.D.N.Y. Mar. 17, 2014) (citation and internal quotations omitted).

It will thus be recommended that this claim be dismissed.

### *Claim Four: Racial Discrimination in Denial of Housing*

Plaintiff's fourth claim asserts, like her first claim, that she was denied emergency temporary housing because she is black. Dkt. #9, p. 7.

The Court previously explained that plaintiff's original complaint lacked sufficient detail to support this claim and that, in her amended complaint, she must allege facts showing the involvement of the defendant social workers. Dkt. #8, pp. 12-13. The amended complaint does not do so. Dkt. #9, p. 7.

Plaintiff also fails to allege facts showing that her race was a factor in such actions, as required to support a claim under either Title VI or the Fair Housing Act. *See* Dkt. #8, p. 13, n.6. Even liberally construed, this claim thus fails at the pleading stage. *See Wilmer v. Albany Cnty. Soc. Servs.*, No. 1:16-CV-905, 2016 WL 4398489, at *3 (N.D.N.Y. July 25, 2016), *report and recommendation adopted by* 2016 WL 4386007 (N.D.N.Y. Aug. 17, 2016).

It will thus be recommended that this claim be dismissed.

## CONCLUSION

For the foregoing reasons, it is recommended that defendants' motion to dismiss (Dkt. #27) be granted.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed .R. Civ. P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S.

140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED:    Buffalo, New York
        October 4, 2023

 **s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**